UNION COMPRESS COMPANY *v.* DOUGLASS.

Opinion delivered June 1, 1895.

*Sale of corporate assets—Effect upon officer's salary.*

Plaintiff was employed, at a fixed salary, as secretary and manager of a business corporation, whose by-laws stipulated that he should hold office "for the term of one year, but subject to be removed at any time upon a vote of a majority of the board of directors." Before the end of the year, the corporation sold out its plant and business to another corporation, which, the evidence tended to show, assumed the debts and liabilities of the former corporation. *Held*, that plaintiff's office ceased at the sale, and that his salary as such officer was so far conditional upon the action of the directors that it ceased when his office was abolished by the sale of the corporate assets.

Appeal from Jackson Circuit Court.

JAMES W. BUTLER, Judge.

STATEMENT BY THE COURT.

The appellee, E. B. Douglass, brought this action in the Jackson circuit court, against the appellant, the Union Compress Company, and also against the Newport Compress & Storage Company, for wages due and to become due under his contract with the latter company, and claimed to have been assumed by the former. He claimed under said contract for his salary unpaid

from the first day of February, 1893, to first September, 1893, when the year ended for which he was engaged, at the rate of $125 per month, and obtained judgment for his salary for the months of February, March, April and May, 1893, or in the aggregate, for the sum of $500. He also sued for the sum of $525 salary claimed to be due an assistant employed by him, but seems to have obtained no judgment on this claim. The Union Compress Company appealed.

Much of the evidence seems to have been adduced in an effort to show that the appellant company, in its purchase of the entire plant and business of the Newport Compress & Storage Company, had assumed all the debts and liabilities, and also undertaken to carry out the contracts of the latter company; and, on the other hand, to refute this theory of the case. In order to establish this fact, the appellee endeavored to show that one W. H. Wright, while the principal owner of and largest stockholder in the Newport Compress & Storage Company, was, at the same time, in fact and in truth, the agent of the Union Compress Company in negotiating the sale of the former to the latter; and that, in the course of said negotiations, the said Wright, representing said Union Compress Company, had induced his fellow members of the Newport company to make the sale, with the understanding that all its liabilities and contracts were to be assumed by the Union Compress Company, and that the same was not expressed in the subsequent formal contract of sale, but that it was understood, between the said other members of the Newport company and said Wright, as the representative of the Union Compress Company, that such was part of the contract of sale and purchase. The Union Compress Company denies that Wright acted for it in the transaction, or that it had assumed such liabilities and

contracts, and showed that he had no interest in it as stockholder or otherwise.

Appellee showed no special contract by which his services were engaged for the year, or for any other period, whereby the Newport Company had bound itself unconditionally to pay him the salary named, but the employment of appellee by that company was not that of an ordinary employee, but his engagement was that of one of its regular officers, whose appointment is provided for, and duties defined and term of office fixed by the following by-laws, to-wit:

"Section 1.  The officers of this corporation shall be president, vice president, secretary and manager, and treasurer, all of whom shall hold their offices for the term of one year, but subject to be removed at any time upon a vote of a majority of the board of directors."

"Section 6.  The board shall elect a secretary and manager, whose duty it shall be to keep true and accurate accounts, showing all transactions of the company; he shall attend all meetings of the board of directors, and keep a faithful record of its transactions."  *  *  *  *  *  *  "He shall be subject to the control of the president and board of directors."

Appellee, Douglass, in his testimony, says that he was elected secretary and manager of the Newport Compress & Storage Company about the 20th July, 1892, and his term of office began 1st September following, and continued one year, and the salary was at the rate of $125 per month, or $1500 per annum; that he ceased to work for that company after the sale, and then worked for the appellant compress company; that, in accordance with the direction of Wright, he continued right along, working for the Union Company, however, from the 1st December, and was paid as before, until about 1st February when the change was made or attempted to be made in

his salary; that he conferred with the manager of the Union Compress Company about the affairs of the Newport business, but made no contract with him, and did not say anything to him about his former contract with the Newport Company. About 1st January he was first notified that his salary would be reduced.

*J. M. & J. W. Stayton, M. M. Stuckey* and *Morris M. Cohn* for appellant.

*Joseph W. Phillips* for appellee.

BUNN, C. J., (after stating the facts). If the contention of appellee that, through its agent, Wright, the appellant company undertook to pay off all the liabilities and perform all the contracts of the old Newport Company be true, it could only be held to pay off and perform such contracts as the Newport Company would have been compelled to pay and to perform, had it merely dissolved—ceased to exist—without selling out to another; for it is not claimed that appellee's contract with the Newport Company was any where specially, or even inferentially, referred to in the conversations and negotiations with Wright, or any one else representing the appellant company.

Without some special and express agreement definitely undertaking to pay appellee's salary until the 1st September following, or some other period, we do not think the appellant company was bound to do so; for it seems to us, from the language and meaning of the by-laws of the Newport Company, under which plaintiff originally held, that his office legitimately ceased at the sale, and that his pay and emoluments for services were in so far conditional and dependant upon the action of the directors that they ceased also with the office which the directors had abolished in the act of selling; and that the same were not continued until the full time specified in the original engagement, there being no spe-

cial agreement to that effect on the part of the Union Compress Company, or of any one acting or even alleged to have been acting for it.

The cause is therefore reversed, and judgment rendered here.